By the Court,

Bronson, J.
The court below has recognized no distinction between measures adopted for the purpose of putting an end to existing disorder in a public assembly, and those which have for their object the punishment of the offender. By the statute, the justices are to preside at the town meeting, and see that the same is orderly and regularly conducted (1 R. S. 342, § 11, 12). They have full authority to maintain regularity and order, and to enforce obedience to their lawful commands (Id. 137, § 35). Stopping here, there would be little room for question that the justices were well warranted in ordering the plaintiff out of the room, without waiting to *295 put their mandate in writing. The case called for a prompt exercise of their authority, and I can perceive no objection in principle to the manner in which it was exercised. But the jury were instructed that the 37th section of the statute governed the case, and that the order was void for not being in writing. This section authorizes the justices, by an order in writing, to commit the offender to the common jail of the county, for a period not exceeding thirty days. This is not a qualification of the power previously conferred on the magistrates, but a superadded authority, having for its object the punishment of the offender. One power is given for the purpose of maintaining regularity and order, and the other for the correction of the delinquent. The one may be exercised for the purpose of quieting an existing tumult, and the other may be restored to after the disturbance is at an end. The mode [524] of inflicting punishment is prescribed by the statute, but the means of maintaining order are left to the discretion of the presiding officers.
Judgment reversed.